# EXHIBIT 1

FILED: NEW YORK COUNTY CLERK 04/12/2024 05:44 PM
INDEX NO. 651912/2024
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 04/12/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

STEPHEN SPAHN,

                    Plaintiff,

          -against-

KIRK SPAHN,

                    Defendant.

Index No. _____

Date Filed:

**SUMMONS**

TO:

Kirk Spahn
130 Tamit Place
Palm Desert, CA 92260

**YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney answering papers to the Motion for Summary Judgment in Lieu of Complaint in this action within the time provided for in the Notice of Motion annexed hereto. If you fail to answer as indicated, summary judgment will be taken against you by default for the relief demanded in the motion.

   Pursuant to CPLR 509, plaintiff designates New York County as the place of venue provided for in the governing contract documents.

      Dated: New York, NY
             April 12, 2023

                              HINCKLEY & HEISENBERG LLP


                              By: /s/ *George R. Hinckley, Jr.*
                              _____
                              George R. Hinckley, Jr.
                              Christoph C. Heisenberg
                              Attorneys for Plaintiff
                              445 Hamilton Ave., Suite 1102
                              White Plains, New York 10601
                              Tel. (212) 759-4933

INDEX NO. 651912/2024
RECEIVED NYSCEF: 04/12/2024

NYSCEF DOC. NO. 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

STEPHEN SPAHN,

        Plaintiff,

      -against-

KIRK SPAHN,

        Defendant.

Index No.

**NOTICE OF MOTION FOR SUMMARY
JUDGMENT IN LIEU OF COMPLAINT**

---

**PLEASE TAKE NOTICE** that upon the annexed affidavit of Stephen Spahn, sworn to on April 12, 2024 ("Spahn Aff.") and the exhibits attached thereto, and the accompanying memorandum of law, Plaintiff Stephen Spahn, by his attorneys, Hinckley & Heisenberg LLP, will move this Court at the Courthouse located at 60 Centre Street, Room 130, New York, New York 10007 on June 12, 2024 at 9:30 a.m., or as soon thereafter as counsel may be heard, for an Order (i) granting summary judgment in lieu of complaint pursuant to CPLR 3213; (ii) awarding Stephen Spahn: (a) the sum of $1,374,974.84 , representing the unpaid principal together with all accrued and unpaid interest at the loan agreements' stated rate of interest through April 6, 2024 (*see* Spahn Aff. at ¶ 9), (b) an award of costs of this proceeding, including reasonable attorneys' fees, as required under the promissory note (*see id.* at ¶ 10), and (iii) for such other and further relief as the Court deems just and proper.

INDEX NO. 651912/2024

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 04/12/2024

**PLEASE TAKE FURTHER NOTICE** that, pursuant to CPLR § 3213, any answering papers, or any notices of cross-motion, shall be served upon the undersigned at least ten days prior to the return date of this motion.

Dated: New York, New York
      April 12,2024

HINCKLEY & HEISENBERG LLP

By: /s/ *George R. Hinckley, Jr.*

George R. Hinckley, Jr.
Christoph Heisenberg
Attorneys for Plaintiff
445 Hamilton Ave., Suite 1102
White Plains, New York 10601
Tel. (212) 759-4933

FILED: NEW YORK COUNTY CLERK 04/12/2024 05:44 PM
NYSCEF DOC. NO. 3

INDEX NO. 651912/2024
RECEIVED NYSCEF: 04/12/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| STEPHEN SPAHN, <br><br> Plaintiff, <br><br> -against- <br><br> KIRK SPAHN, <br><br> Defendant. | Index No._____ <br><br> **AFFIDAVIT OF STEPHEN H. SPAHN IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT** |

STATE OF FLORIDA)
COUNTY OF PALM BEACH) ss:

STEPHEN H. SPAHN, being duly sworn, deposes and says:

1. I am the Plaintiff in this matter. I make this affidavit in support of my motion for summary judgment in lieu of complaint.

## NATURE OF ACTION

2. This is a straightforward action to collect on a one-page demand promissory note dated September 28, 2017, pursuant to which I loaned Kirk Spahn ("Kirk") one million dollars. Kirk failed to make any interest payments, which were due commencing on March 31, 2023. On April 6, 2024 I made written demand to Kirk for the full amount due, $1,374,974.84, representing the unpaid principal together with all accrued and unpaid interest as of April, 6, 2024. No payments have been received.

## THE PARTIES

3. I am the Plaintiff in this action and am a resident of New York, New York.

4. Defendant Kirk Spahn is my adult son and resides at 130 Tamit Place, Palm Desert, CA 92260.

FILED: NEW YORK COUNTY CLERK 04/12/2024 05:44 PM
NYSCEF DOC. NO. 3

INDEX NO. 651912/2024
RECEIVED NYSCEF: 04/12/2024

### THE LOAN AND PROMISSORY NOTE, DEMAND AND DEFAULT

5. On September 28, 2017 I loaned Kirk one million dollars. A copy of my check showing the loan proceeds, which was cashed by Kirk, is attached hereto as **Exhibit 1.**

6. A copy of the demand promissory note dated September 28, 2017 (the "Note") is attached hereto as **Exhibit 2.** Paragraph 5 of the Note provides as follows:

> This Note shall be governed by and construed in accordance with the laws of New York. All parties to this instrument, whether Makers, endorsers, sureties, guarantors or otherwise, by the execution of this Note in their respective capacities, hereby consent to service of process, personal jurisdiction, and venue in New York County, State of New York, with respect to any action or proceeding brought to enforce any liability under this Note.

7. Pursuant to the Note, Kirk promised to pay the principal and interest on demand, with interest at the rate of 5% per annum, compounded annually. Interest accrued from the date of the Note. Interest was to be paid quarterly commencing on March 31, 2023.

8. No interest payments were ever received.

9. On April 6, 2024, demand was made by me to Kirk for the payment of the full amount of principal and interest due, which totaled $1,374,974.84, representing the unpaid principal together with all accrued and unpaid interest as of April, 6, 2024. A copy of the demand letter sent to Kirk is attached hereto as **Exhibit 3.** A copy of the demand was also forwarded to Kirk's attorney, William Zabel, Esq. No payments have been received and Kirk is in default.

10. Paragraph 5 of the Note provides as follows:

> "If any attorney brings suit to enforce or collect this Note, the Maker shall be obligated to pay all court costs, disbursements and reasonable attorneys fees in connection therewith."

FILED: NEW YORK COUNTY CLERK 04/12/2024 05:44 PM

NYSCEF DOC. NO. 3

INDEX NO. 651912/2024

RECEIVED NYSCEF: 04/12/2024

11. Therefore, as set forth in my attorneys' memorandum of law submitted herewith, I respectfully request that the Court grant my motion for summary judgment in lieu of complaint.

Stephen H. Spahn

Sworn to and subscribed before me on this
12 day of April 2024.

Notary Public

MEGHAN CROSBY
MY COMMISSION # HH 314168
EXPIRES: December 17, 2026

FILED: NEW YORK COUNTY CLERK 04/12/2024 05:44 PM

NYSCEF DOC. NO. 40

INDEX NO. 651912/2024

RECEIVED NYSCEF: 04/12/2024

**STEPHEN H. SPAHN**
**CONSTANCE G. SPAHN**

6694

DATE 9/28/17

PAY TO THE ORDER OF ___KIRK SPAHN___ | $ 1,000,000.00

___One million and 00/100___ _____ DOLLARS

CHASE ◉
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO

⑉0 2 10000 2 1⑉

FILED: NEW YORK COUNTY CLERK 04/12/2024 05:44 PM

NYSCEF DOC. NO. 5

INDEX NO. 651912/2024

RECEIVED NYSCEF: 04/12/2024

## PROMISSORY NOTE

$1,000,000.00                                                       SEPTEMBER 28 2017

The undersigned (the "Maker") promises to pay to the order of STEPHEN SPAHN (the "Payee") the sum of One Million Dollars ($1,000,000.00) on demand, with interest at the rate of five (5%) per annum compounded annually.

1.      Interest shall accrue from the date hereof and shall be paid quarterly, commencing on March 31, 2023.

2.      All payments of interest and principal shall be payable to Payee at 465 Park Avenue, New York, New York 10022 or at such other address as Payee may in writing designate to Maker.

3.      If any attorney brings suit to enforce or collect this Note, the Maker shall be obligated to pay all court costs, disbursements and reasonable attorneys fees in connection therewith.

4.      This Note may not be changed or terminated orally, but only by an agreement in writing and signed by the party against whom enforcement of any waiver, charge, modification or discharge is sought.

5.      This Note shall be governed by and construed in accordance with the laws of New York. All parties to this instrument, whether Makers, endorsers, sureties, guarantors or otherwise, by the execution of this Note in their respective capacities, hereby consent to service of process, personal jurisdiction, and venue in New York County, State of New York, with respect to any action or proceeding brought to enforce any liability under this Note.

MAKER:

KIRK SPAHN

FILED: NEW YORK COUNTY CLERK 04/12/2024 05:44 PM   INDEX NO. 651912/2024
NYSCEF DOC. NO. 6                                          RECEIVED NYSCEF: 04/12/2024

# Stephen Spahn

April 8, 2024

<u>Via Email, Certified Mail, and FedEx Overnight Courier</u>

Kirk Spahn
130 Tamit Place
Palm Desert, CA 92260

RE: <u>Demand for Payment of Demand Promissory Note Dated September 28, 2017</u>

Dear Kirk,

Demand is hereby made for payment in full of the Demand Promissory Note dated September 28, 2017, a copy of which is attached (the "Note"). The Maker of the Note is Kirk Spahn and the Payee of the Note is Stephen Spahn.

The principal amount of the Note was One Million Dollars ($1,000,000.00), with interest accruing from September 28, 2017 at the rate of 5 per cent per annum, compounded annually, to be paid quarterly commencing on March 31, 2023. No payments have been received.

As of today's date, the total amount due is One Million Three Hundred Seventy-Four Thousand Nine Hundred and Seventy-Four Dollars and Eighty- Four cents (<u>$1,374,974.84</u>). Demand is made for the immediate payment of this sum.

Pursuant to paragraph 2 of the Note, the Maker hereby designates the place of payment to be:

c/o Hinckley & Heisenberg LLP, 445 Hamilton Ave., Suite 1102, White Plains, New York 10601.

Please be advised that the Note provides (at paragraph 3) that: "If any attorney brings suit to enforce or collect this Note, the Maker shall be obligated to pay all court costs, disbursements and reasonable attorneys fees in connection therewith."

Sincerely,

Stephen Spahn

**FILED: NEW YORK COUNTY CLERK 04/12/2024 05:44 PM**
NYSCEF DOC. NO. 6

INDEX NO. 651912/2024
RECEIVED NYSCEF: 04/12/2024

## PROMISSORY NOTE

$1,000,000.00                                        SEPTEMBER 28 2017

     The undersigned (the "Maker") promises to pay to the order of STEPHEN SPAHN (the "Payee") the sum of One Million Dollars ($1,000,000.00) on demand, with interest at the rate of five (5%) per annum compounded annually.

    1.    Interest shall accrue from the date hereof and shall be paid quarterly, commencing on March 31, 2023.

    2.    All payments of interest and principal shall be payable to Payee at 465 Park Avenue, New York, New York 10022 or at such other address as Payee may in writing designate to Maker.

    3.    If any attorney brings suit to enforce or collect this Note, the Maker shall be obligated to pay all court costs, disbursements and reasonable attorneys fees in connection therewith.

    4.    This Note may not be changed or terminated orally, but only by an agreement in writing and signed by the party against whom enforcement of any waiver, charge, modification or discharge is sought.

    5.    This Note shall be governed by and construed in accordance with the laws of New York. All parties to this instrument, whether Makers, endorsers, sureties, guarantors or otherwise, by the execution of this Note in their respective capacities, hereby consent to service of process, personal jurisdiction, and venue in New York County, State of New York, with respect to any action or proceeding brought to enforce any liability under this Note.

MAKER:

KIRK SPAHN

FILED: NEW YORK COUNTY CLERK 04/12/2024 05:44 PM
NYSCEF DOC. NO. 7

INDEX NO. 651912/2024
RECEIVED NYSCEF: 04/12/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

STEPHEN SPAHN,

                Plaintiff,

      -against-

KIRK SPAHN

              Defendant.

Index No. _____

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY

## JUDGMENT IN LIEU OF COMPLAINT

**HINCKLEY & HEISENBERG LLP**
Attorneys At Law
445 Hamilton Ave., Suite 1102
White Plains, New York 10601
Phone: (212) 759-4933

FILED: NEW YORK COUNTY CLERK 04/12/2024 05:44 PM
NYSCEF DOC. NO. 7

INDEX NO. 651912/2024
RECEIVED NYSCEF: 04/12/2024

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ..............................................................................................1

ARGUMENT ................................................................................................................2

CONCLUSION .............................................................................................................4

FILED: NEW YORK COUNTY CLERK 04/12/2024 05:44 PM

NYSCEF DOC. NO. 7

INDEX NO. 651912/2024

RECEIVED NYSCEF: 04/12/2024

# TABLE OF AUTHORITIES

**Cases**

*Arbor-Myrtle Beach PE LLC v. Frydman*, 202 A.D.3d 464, 464 (1st Dept. 2022) ............................ 3

*Banco Popular North America* .................................................................................................. 3

*DDS Partners, LLC v. Celenza*, 6 A.D.3d 347, 348 (1st Dept. 2004) .......................................... 3

*East New York Savings Bank v. Baccaray*, 214 A.D.2d 601, 602 (2d Dept. 1995) ........................... 2

*Governor & Co. of Bank of Ireland v. Dromoland Castle, Ltd.*, 212 A.D.2d 759, 759 (2d Dept. 1995)

.................................................................................................................................................... 3

*Interman Indus. Prods. v. R.S.M. Electron Power*, 37 N.Y.2d 151, 155 (1975) ................................. 2

*Juste v. Niewdach*, 26 A.D.3d 416, 417 (2d Dept. 2006) ............................................................... 3

*Manufacturers Hanover Tr. Co. v. Green*, 95 A.D.2d 737, ............................................................ 3

*Northport Car Wash, Inc. v. Northport Car Care, LLC*, 52 A.D.3d 794, 794–95 (2d Dept. 2008) ..... 3

*Quest Com., LLC v. Rovner*, 35 A.D.3d 576, 576 (2d Dept. 2006) ............................................... 3

*Smith v. Shields Sales Corp.*, 22 A.D.3d 942, 943 (3d Dept. 2005) ............................................... 3

**Statutes**

CPLR § 3213 ......................................................................................................................... 1, 2, 3

## PRELIMINARY STATEMENT

Plaintiff Stephen Spahn, by and through his attorneys, Hinckley & Heisenberg LLP, submits this memorandum of law in support of his motion for summary judgment in lieu of a complaint pursuant to Section 3213 of the New York Civil Practice Law Rules ("CPLR") to enforce a simple one-page demand promissory note.

This action is brought under CPLR § 3213 because Defendant's monetary obligations are evidenced by an instrument for the payment of money only. Given Defendant's unambiguous obligation to pay the Promissory Note, there are no material issues of fact. Indeed, a CPLR § 3213 motion for summary judgment in lieu of a complaint is the preferred mechanism to resolve this type of dispute.

## STATEMENT OF FACTS

Facts relevant to this dispute are contained in the accompanying Affidavit of Stephen H. Spahn dated April 12, 2024 (the "Spahn Affidavit"), to which the Court is respectfully referred. In short, on December 28, 2017 Stephen Spahn loaned his adult son Kirk Spahn ("Kirk") one million dollars. A copy of the check cashed by Kirk is attached as Exhibit 1 to the Spahn Affidavit. A copy of the demand promissory note dated September 28, 2017 (the "Note") is attached as Spahn Aff. Exhibit 2.

The Note is governed by New York law, and all parties submit to New York jurisdiction, with venue in the County of New York Spahn Aff. ¶ 6.

Pursuant to the Note, Kirk promised to pay the principal and interest on demand, with interest at the rate of 5% per annum, compounded annually. Interest accrued from the date of the Note. Interest was to be paid quarterly commencing on March 31, 2023. No interest payments were received.

1

FILED: NEW YORK COUNTY CLERK 04/12/2024 05:44 PM          INDEX NO. 651912/2024
NYSCEF DOC. NO. 7                                          RECEIVED NYSCEF: 04/12/2024

On April 6, 2024, Stephen Spahn made demand for the payment of the full amount of

principal and interest due, which totaled $1,374,974.84, representing the unpaid principal

together with all accrued and unpaid interest as of April, 6, 2024. A copy of the demand letter is

attached as Spahn Exhibit 3. The demand was sent by Stephen to Kirk, and a copy of the demand

was also sent to Kirk's attorney, William Zabel, Esq. No payments have been received and Kirk

is in default.

Paragraph 5 of the Note provides that: "If any attorney brings suit to enforce or collect

this Note, the Maker shall be obligated to pay all court costs, disbursements and reasonable

attorneys fees in connection therewith."

## ARGUMENT

### I.    PLAINTIFF IS ENTITLED TO JUDGMENT AS A MATTER OF LAW BASED ON DEFENDANT'S FAILURE TO COMPLY WITH THE UNAMBIGUOUS OBLIGATION TO PAY UNDER THE PROMISSORY NOTE

A CPLR § 3213 motion for summary judgment in lieu of a complaint is the proper vehicle

to enforce both the Note. That section provides, in pertinent part, as follows:

> When an action is based upon an instrument for the payment of
> money only or upon any judgment, the plaintiff may serve with the
> summons a notice of motion for summary judgment and the
> supporting papers in lieu of a complaint. The summons served with
> such motion papers shall require the defendant to submit
> answering papers on the motion within the time provided in the
> notice of motion.

CPLR § 3213.

"'It is well settled that an instrument qualifies for CPLR 3213 treatment ... if a prima facie

case would be made out by the instrument and a failure to make the payments called for by its

terms.'" *East New York Savings Bank v. Baccaray*, 214 A.D.2d 601, 602 (2d Dept. 1995) (quoting

*Interman Indus. Prods. v. R.S.M. Electron Power*, 37 N.Y.2d 151, 155 (1975)). Case after case

instructs that promissory notes are considered instruments for the payment of money only—and

FILED: NEW YORK COUNTY CLERK 04/12/2024 05:44 PM

NYSCEF DOC. NO. 7

INDEX NO. 651912/2024

RECEIVED NYSCEF: 04/12/2024

thus fall squarely within the purview of CPLR § 3213. *See, e.g., Arbor-Myrtle Beach PE LLC v. Frydman*, 202 A.D.3d 464, 464 (1st Dept. 2022); *Northport Car Wash, Inc. v. Northport Car Care, LLC*, 52 A.D.3d 794, 794–95 (2d Dept. 2008); *Juste v. Niewdach*, 26 A.D.3d 416, 417 (2d Dept. 2006); *Smith v. Shields Sales Corp.*, 22 A.D.3d 942, 943 (3d Dept. 2005); *DDS Partners, LLC v. Celenza*, 6 A.D.3d 347, 348 (1st Dept. 2004); *Solanki v. Pandya*, 269 A.D.2d 189, 189 (1st Dept. 2000); *Governor & Co. of Bank of Ireland v. Dromoland Castle, Ltd.*, 212 A.D.2d 759, 759 (2d Dept. 1995); *Colonial Com. Corp. v. Breskel Assocs.*, 238 A.D.2d 539, 539–40 (2d Dept. 1997); *Manufacturers Hanover Tr. Co. v. Green*, 95 A.D.2d 737, 737–38 (1st Dept. 1983).

In *DDS Partners,* for example, the First Department explained that a promissory note is "an unconditional promise to pay a sum certain, signed by the maker and due on demand or at a definite time"—and thus is a "typical example" of an instrument for the payment of money only within the meaning of CPLR 3213. 6 A.D.3d at 348. The court found that the plaintiff was entitled to judgment as a matter of law under CPLR 3213 based on the defendant's default—plus all costs of collection, as provided for in the subject promissory note. *Id.* at 347, 349.

The purpose of a CPLR § 3213 motion is to provide a speedy and effective means for resolving claims based on an unambiguous obligation to pay. *See Banco Popular North America v. Victory Taxi Mgmt., Inc.*, 1 N.Y.3d 381, 383 (2004). A plaintiff is entitled to judgment as a matter of law on a motion for summary judgment in lieu of a complaint where "[it] is incontestable that plaintiff would prove a *prima facie* case by proof of the [instrument] and a failure to make the payments called for by its terms." *DDS Partners*, 6 A.D.3d at 348 (quotation omitted); *see also, e.g., Quest Com., LLC v. Rovner*, 35 A.D.3d 576, 576 (2d Dept. 2006).

There are no material factual issues to prevent the granting of this motion. As set forth in the accompanying Spahn Affidavit, Kirk executed a promissory note promising to pay quarterly interest commencing on March 31, 2023. He did not do so. Kirk also promised to pay the

FILED: NEW YORK COUNTY CLERK 04/12/2024 05:44 PM    INDEX NO. 651912/2024
NYSCEF DOC. NO. 7                                   RECEIVED NYSCEF: 04/12/2024

principal and interest on demand, with interest at the rate of 5% per annum, compounded annually. Demand was duly made on April 6, 2024, but no payment has been received by Plaintiff.

Plaintiff has established its entitlement to judgment as a matter of law. This Court should therefore grant his motion for summary judgment in lieu of a complaint.

## CONCLUSION

For all the foregoing reasons, and those set forth in the accompanying Spahn Affidavit, Plaintiff respectfully requests that this Court grant the instant motion in its entirety, and award Plaintiff:

A. The sum certain of $1,374,974.84, representing the unpaid principal and all accrued and unpaid interest on the contractual rate of interest through April 6, 2024. *See* Spahn Aff. at ¶¶ 7-9.

B. An award of costs of this proceeding, including reasonable legal fees, as required under the Note. *See id.* at ¶ 10.

C. Pre- and Post-Judgment Interest from April 6, 2024 at the rate of 9% per annum pursuant to CPLR 5004.

D. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
      April 12, 2024               HINCKLEY & HEISENBERG LLP

                                           By: */s/ George R. Hinckley, Jr.*

                                         George R. Hinckley, Jr.
                                         Christoph C. Heisenberg
                                         Attorneys for Plaintiff
                                         445 Hamilton Ave., Suite 1102
                                         White Plains, New York 10601
                                         Tel. (212) 759-4933

FILED: NEW YORK COUNTY CLERK 04/12/2024 05:44 PM

NYSCEF DOC. NO. 8

INDEX NO. 651912/2024

RECEIVED NYSCEF: 04/12/2024



# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 01/01/2024)

Supreme COURT, COUNTY OF New York

Index No: _____    Date Index Issued: _____

| | For Court Use Only: |
|---|---|
| **CAPTION**   Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet. | IAS Entry Date |
| STEPHEN SPAHN | |
| | Judge Assigned |
| Plaintiff(s)/Petitioner(s) | |
| -against- | |
| KIRK SPAHN | RJI Filed Date |
| Defendant(s)/Respondent(s) | |

## NATURE OF ACTION OR PROCEEDING:   Check only one box and specify where indicated.

**COMMERCIAL**
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☒ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify): _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**TORTS**
- ☐ Asbestos
- ☐ Environmental (specify): _____
- ☐ Medical, Dental or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify): _____
- ☐ Other Negligence (specify): _____
- ☐ Other Professional Malpractice (specify): _____
- ☐ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- ☐ Child-Parent Security Act (specify): ☐ Assisted Reproduction ☐ Surrogacy Agreement
- ☐ CPLR Article 75 - Arbitration    [see *NOTE* in **COMMERCIAL** section]
- ☐ CPLR Article 78 - Proceeding against a Body or Officer
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 - Kendra's Law
- ☐ MHL Article 10 - Sex Offender Confinement (specify):    ☐ Initial    ☐ Review
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify): _____
- ☐ Other Special Proceeding (specify): _____

**MATRIMONIAL**
- ☐ Contested

  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI Addendum (UCS-840M).*

  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**REAL PROPERTY** Specify how many properties the application includes:
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify): ☐ Residential    ☐ Commercial

  Property Address: _____

  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ☐ Partition

  *NOTE: Complete and attach the PARTITION RJI ADDENDUM (UCS-840P).*
- ☐ Tax Certiorari (specify): Section: _____ Block: _____ Lot: _____
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): _____

**OTHER MATTERS**
- ☐ Certificate of Incorporation/Dissolution    [see *NOTE* in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change/Sex Designation Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify): _____

## STATUS OF ACTION OR PROCEEDING   Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☐ | ☒ | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | ☐ | ☒ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: _____ |

## NATURE OF JUDICIAL INTERVENTION   Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ☒ Notice of Motion    Relief Requested: _____    Return Date: _____
- ☐ Notice of Petition    Relief Requested: _____    Return Date: _____
- ☐ Order to Show Cause    Relief Requested: _____    Return Date: _____
- ☐ Other Ex Parte Application    Relief Requested: _____
- ☐ Partition Settlement Conference
- ☐ Poor Person Application
- ☐ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

1 of 2

FILED: NEW YORK COUNTY CLERK 04/12/2024 05:44 PM

NYSCEF DOC. NO. 8

INDEX NO. 651912/2024

RECEIVED NYSCEF: 04/12/2024

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | | |
|---|---|---|---|---|---|
| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| PARTIES | | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | |
|---|---|---|---|---|
| **Un-Rep** | **Parties**<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | **Attorneys and Unrepresented Litigants**<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | **Issue Joined**<br>For each defendant, indicate if issue has been joined. | **Insurance Carriers**<br>For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: SPAHN, STEPHEN<br><br>Role(s): Plaintiff/Petitioner | GEORGE HINCKLEY JR , HINCKLEY & HEISENBERG LLP, 445 HAMILTON AVE STE 1102 , WHITE PLAINS, NY 10601, 2127594933, george@hinckley.org | ☐ YES  ☒ NO | |
| ☒ | Name: SPAHN, KIRK<br><br>Role(s): Defendant/Respondent | 130 Tamit Place, Palm Desert, CA 92260 | ☐ YES  ☒ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES  ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 04/12/2024

_____
GEORGE ROBERT HINCKLEY JR
Signature

2186666
Attorney Registration Number

GEORGE ROBERT HINCKLEY JR
Print Name

*This form was generated by NYSCEF*

FILED: NEW YORK COUNTY CLERK 04/12/2024 05:44 PM
NYSCEF DOC. NO. 9

INDEX NO. 651912/2024
RECEIVED NYSCEF: 04/12/2024

**New York State Unified Court System**                              nycourts.gov

## Request for Judicial Intervention Commercial Division Addendum

**UCS-840C** (01/2024)
Page **1** of 2
nycourthelp.gov

**Supreme Court**
**County of New York**

**Plaintiff/Petitioner** (persons/entities that started the case):    **Index #:**
STEPHEN SPAHN

**Defendant/Respondent** (persons/entities the case is against):
KIRK SPAHN

### Plaintiff/Petitioner's cause(s) of action [check all that apply]:

☒ Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g., unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g., sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)

☐ Transactions governed by the Uniform Commercial Code, excluding those concerning individual cooperative or condominium units

☐ Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only

☐ Shareholder derivative actions (without consideration of the monetary threshold)

☐ Commercial class actions (without consideration of the monetary threshold)

☐ Business transactions involving or arising out of dealings with commercial banks and other financial institutions

☐ Internal affairs of business organizations

☐ Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters

☐ Environmental insurance coverage

☐ Commercial insurance coverage (e.g., directors and officers, errors and omissions, and business interruption coverage)

☐ Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures (without consideration of the monetary threshold)

☐ Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues (where the applicable agreement provides for the arbitration to be heard outside the United States, the monetary threshold set forth in 22 NYCRR 202.70(a) shall not apply)

 ADA Accommodations
ada@nycourts.gov

 Spoken or Sign Language Interpreters
interpreter@nycourts.gov

 COURT Help  1-800-COURT-NY
(268-7869)

FILED: NEW YORK COUNTY CLERK 04/12/2024 05:44 PM

NYSCEF DOC. NO. 9

INDEX NO. 651912/2024

RECEIVED NYSCEF: 04/12/2024

**UCS-840C** (01/2024)          Page **2** of **2**     **Index #:**

Plaintiff/Petitioner's claim for compensatory damages, exluding punitive damages, interest, costs and counsel fees claimed:  $1374974.84

Plaintiff/Petitioner's claim for equitable or declaratory relief [brief description]:
 None at this time.

Defendant/Respondent's counterclaims, including claims for monetary relief [brief description]:
 None at this time.

I request that this case is assigned to the Commercial Division. I certify that the case meets the Commercial Division's jurisdictional requirements as set forth in 22 NYCRR 202.70(a), (b) and (c).

Dated:  04/12/2024                    GEORGE ROBERT HINCKLEY JR
                                          Signature

                                       GEORGE ROBERT HINCKLEY JR
                                          Print Name

*This form was generated by NYSCEF*

94817861.27

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK
-------------------------------------------------------------x

STEPHEN SPAHN

                Plaintiff/Petitioner,

      - against -                        Index No. 651912/2024

KIRK SPAHN

                Defendant/Respondent.
-------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated:  4/15/2024

George Hinckley
_____
Name

Hinckley & Heisenberg LLP
_____
Firm Name

445 Hamilton Ave., Suite 1102
_____

White Plains, New York 10601
_____
Address

212 - 759-4933
_____
Phone

george@hinckley.org
_____
E-Mail

To:    KIRK SPAHN

130 Tamit Place,

Palm Desert, CA

2/24/20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK OF THE STATE OF NEW YORK

| Plaintiff / Petitioner: | **AFFIDAVIT OF SERVICE** |
|---|---|
| STEPHEN SPAHN | **Index No:** |
| **Defendant / Respondent:** | **651912/2024** |
| KIRK SPAHN | |

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at <u>Riverside, CA</u>.
That on <u>Wed, Apr 24 2024</u> AT <u>08:28 PM</u> AT <u>130 Tamit Place, Palm Desert, CA 92260</u> deponent served the within <u>Summons, Notice of Motion</u> for Summary Judgment in Lieu of Complaint; Affidavit of Stephen H. Spahn in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint; Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint; Request for Judicial Intervention; Notice of Electronic Filing. on <u>KIRK SPAHN</u>

- [ ] **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.
- [ ] **Corporation:** _____ a defendant, therein named, by delivering a true copy of each to _____ personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be _____ thereof.
- [ ] **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.
- [x] **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at
  **1)** 04/16/2024 @ 06:38 PM   **2)** 04/17/2024 @ 10:11 AM   **3)** 04/18/2024 @ 05:27 PM   **4)** 04/19/2024 @ 07:53 AM
  **5)** 04/24/2024 @ 08:28 PM
- [x] **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, <u>130 Tamit Place, Palm Desert, CA 92260</u>, and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with California State. Mailed on <u>Wed, Apr 24 2024</u>.
- [ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

| Age: _____ | Ethnicity: _____ | Gender: _____ | Weight: _____ |
|---|---|---|---|
| Height: _____ | Hair: _____ | Eyes: _____ | Relationship: _____ |
| Other | _____ | | |

_____

Subscribed and Sworn to me this
26th day of April, 2024
Notary Signature:_____

D. Azmi                    09/25/2025
Name of Notary    Commission Expiration

D. Azmi
COMM# 2376426
NOTARY PUBLIC—CALIFORNIA
Riverside County
MY COMM. EXPIRES 9/25/2025

I, <u>Brian Harms</u>, was at the time of service a competent adult, not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____    _____04/26 /2024
Signature of Process Server    Date
License#: <u>1897</u>
All Access Process
**2900 Adams St, Ste C250**
**Riverside, CA 9254**