# Exhibit -

From: **Michael Kalnick** <mkalnick@kfirm.com>
Date: Mon, Aug 24, 2015 at 8:38 PM
Subject:
To: <kirkspahn@gmail.com>
Cc: <mkalnick@kfirm.com>

Revised ARTICLE VII per our discussion.

**MICHAEL C. KALNICK, ESQ.**

**KALNICK, KLEE & GREEN, LLP**

**830 THIRD AVENUE - 5th FLOOR**

**NEW YORK, NEW YORK  10022**

**MKALNICK@KFIRM.COM**

**TELEPHONE:  212-751-2400 Ext. 933**

**FAX: 212-751-3175**

Confidentiality Notice:  The information contained in this message and any attachments is privileged and confidential and is intended only for the use of the addressee(s).  If the reader of this message is not an addressee, you are hereby notified that any transmission, dissemination, distribution or copying of this message and any attachments is strictly prohibited.  If you received this message in error, please notify us by email reply and delete this message and any attachments.

Circular 230 Notice:  Pursuant to federal regulations imposed on practitioners who render tax advice ("Circular 230"), we are required to advise you that any tax advice which may be contained in this

message or any attachments is not intended or written to be used for the purpose of avoiding any tax penalties that may be imposed by the Internal Revenue Service.  Any tax advice contained in this communication is not intended to be used in connection with or referred to in promoting, marketing or recommending, a partnership or other entity, investment plan or arrangement, and may not be used for such purposes.  If you are interested in the detailed analysis and opinion that does not require this disclaimer, then please contact us regarding the terms of our engagement and fees involved in a formal Circular 230 reliance opinion.

## PRENUPTIAL AGREEMENT

**PRENUPTIAL AGREEMENT** made on this ___ day of _____, 2015, by and between **KIRK SPAHN** ("**SPAHN**") residing at 159 Fourth Avenue, New York, New York 10003 and **JENNIFER ALDEN** ("**ALDEN**") residing at 159 Fourth Avenue, New York, New York 10003.

### RECITALS:

**WHEREAS**, both **SPAHN** and **ALDEN** (collectively the "Parties") intend to marry, and in contemplation of such event are desirous of setting forth the respective rights of each other in their personal and real property and determining all other matters with respect to each other arising out of the marriage or by reason of being the surviving spouse in the estate of the other; and

**WHEREAS**, each of the Parties has heretofore acquired certain vested interests in certain real and/or personal property ("Property"), as the case may be, which interests each intends to retain as his or her individual estate; and

**WHEREAS**, both Parties hereto intend that the provisions of this Agreement shall provide for, settle and forever resolve their respective financial and property rights, including the resolution of all questions involving the support of the Parties and all the rights, privileges, claims, obligations and liabilities of any nature whatsoever that either may allege, assert, institute against, or claim to have against the other resulting from or in any manner connected or flowing legally from the consummation of the contemplated

marriage and all other matters with respect to each other arising out of the marriage.

NOW, THEREFORE, in consideration of the above recitals and the mutual promises and covenants to marry and the sum of One ($1.00) Dollar and other good and valuable consideration in hand paid by SPAHN and ALDEN to each other, receipt of which is hereby acknowledged, the Parties agree as follows:

## ARTICLE I

## MARITAL PROPERTY OF SPAHN AND ALDEN

Except as otherwise expressly set forth in this Agreement, each Party retains and does not waive any rights which he or she may have to a distributive award or an award of equitable distribution in respect of any Property acquired by the other subsequent to the date of marriage, and each agrees that the other shall have the right to seek, through judicial proceedings or otherwise, a distributive award or an award of equitable distribution with respect to any such marital Property pursuant to the Domestic Relations Law of the State of New York.

The foregoing provisions of this Article shall not apply to any Property, including any appreciation of such Property and any income resulting therefrom, (i) currently owned by **SPAHN** and (ii) in Trust for the benefit of **SPAHN** and (iii) subsequently acquired by gift, inheritance, purchase or otherwise by **SPAHN** in which any grandparent, parent, sibling or lineal descendant presently has or may have at some future time, ever have an interest. As to such Property, **ALDEN** waives any

2

rights which she may have to a distributive award or an award of equitable distribution.

The foregoing provisions of this Article shall not apply to any Property, including any appreciation of such Property and any income resulting therefrom, (i) currently owned by **ALDEN** and (ii) in Trust for the benefit of **ALDEN** and (iii) subsequently acquired by gift, inheritance, purchase or otherwise by **ALDEN** in which any grandparent, parent, sibling or lineal descendant presently has or may have at some future time, ever have an interest. As to such Property, **SPAHN** waives any rights which he may have to a distributive award or an award of equitable distribution.

The excluded property shall be defined as "Separate Property". Any asset or property jointly acquired by the parties during the marriage by way of joint purchase, gift or joint inheritance from a third-party shall be deemed Marital Property (not separate or excluded property) and shall, in the event of a divorce, be divided as may be agreed upon by the parties or determined by a Court of competent jurisdiction. Each party shall retain the right to dispose of his or her Separate Property as if no marriage had even been solemnized.

## ARTICLE II

## DISCLOSURE OF NET WORTH

Each Party acknowledges that each has disclosed his or her present approximate net worth to other Party. Such net worth of **SPAHN** and **ALDEN** is described in Schedules A and B respectively, attached hereto.

3

## ARTICLE III

## COUNSEL

3.1     The Parties declare that each has had independent legal advise by counsel of his and her own selection, **ALDEN** having been represented by _____, and **SPAHN** having been represented by Michael C. Kalnick, of Messrs. Kalnick, Klee & Green, LLP, with offices at 830 Third Avenue - 5th Floor, New York, New York 10022.  The Parties agree that this Agreement is entire and complete and embraces all understanding and agreements between them, and that no representations, agreements, promises, undertakings or warranties of any kind or nature have been made to the other to induce the making of this Agreement, except as expressly set forth in this Agreement, and the Parties each assert that there is no other Agreement, oral or written existing between them.  The Parties acknowledge that each has had a full and complete opportunity with respect to obtaining any and all financial information of the other, including financial statements.  The Parties agree that each is satisfied with this Agreement and all of the terms and provisions thereof are fair, reasonable, adequate and equitable and are not unconscionable in any respect whatsoever.

3.2     The Parties acknowledge that they are entering into this Agreement freely and voluntarily and that they have ascertained and weighed all of the facts and circumstances likely to influence their judgment hereunder.

4

# ARTICLE IV

## FUTURE MATRIMONIAL ACTION AND MATRIMONIAL DECREE

Each Party agrees that the provisions of this Agreement shall be submitted to the court in any future divorce action and that the provisions of this Agreement shall be incorporated by reference in any divorce judgment or decree with such specificity as the court shall deem permissible and appropriate or required under law and under the rules of the court. However, notwithstanding such incorporation, the obligations and covenants of this Agreement shall survive any decree or judgment of separation or divorce and shall not merge therein, and this Agreement may be enforced independently of said decree or judgment.

Notwithstanding the provisions of this Agreement, the parties recognize that it is possible, through accident or intent, for their Separate Property to become, or appear to be, commingled or to be commingled with property that is not Separate Property. It is the parties' intention that such commingling or pooling of Separate Property shall not be interpreted to imply any abandonment of the terms and provisions of this Agreement. Each party shall be deemed to own that proportion of the total fund of income and assets commingled which represents the proportionate share of Separate Property contributed by that party. The fact that the parties may file joint state or federal income tax returns or make gifts of property or cash to each other or not account to each other with regard to the expenditure of income, shall not be interpreted to imply any abandonment of the

terms and provisions of this Agreement. The filing of a marital dissolution of separation action by either party shall not be deemed an abandonment of this Agreement.

## ARTICLE V

## DEATH

In the event of the death of either party hereto, **SPAHN** and **ALDEN** each waive, release and relinquish all right, title and interest to a devise, bequest or distributive share in the Separate Property, of the other. Further, each also waive, release and relinquish all rights to include Separate Property in the other's estate for purposes of determining the right of election in accordance with the requirements of Section 5-1.1 of the Estates, Powers and Trusts Law of the State of New York, and any law amendatory thereof or supplemental thereto. The foregoing shall not be deemed to constitute a waiver by either party of his or her right to devise and/or give a bequest of the separate property or of any devise, or bequest or gift which the other party may choose voluntarily to bestow upon him or her by Will, Codicil or gift.

## ARTICLE VI

## PRIOR LIABILITIES

**SPAHN** and **ALDEN** have or may have liabilities incurred prior to their marriage and each shall be solely responsible for his or her liabilities incurred before their marriage.

## ARTICLE VII

## MAINTENANCE AND SUPPORT

Each party hereto acknowledges and represents that he and she have sufficient financial resources and/or income so that in the event of a divorce neither party will seek maintenance or support from the other.  However, in consideration of **ALDEN's** waiver of maintenance and support, **SPAHN** agrees that in the event of a divorce after the third full year of the marriage, he will pay **ALDEN** $250,000.00 per annum, payable monthly, for a period of years equal to the number of completed years of the marriage.  The foregoing payments shall cease upon **ALDEN's** remarriage, cohabitation with another person for a period of 14 cumulative days subsequent to the date of divorce, or the death of either **ALDEN** or **SPAHN**.

## ARTICLE VIII

## TAXES

As to the income derived from each of parties' Separate Property, it is the intention of the parties hereto to file their income tax returns in whichever manner shall minimize their total tax liability.  Each party shall cooperate with the other toward that end and shall be responsible for and shall pay his or her proportionate share of taxes.  Similarly, the parties shall receive their proportionate share of any refund of federal, state or local taxes. The ratio shall be determined by dividing the taxable income of each of the parties by the taxable income of both parties.  In the event of any dispute, the determination made by the accountant who prepared the returns shall be binding and conclusive.  It is further agreed and understood by the parties that they shall each indemnify and hold the other harmless

from any liability or responsibility arising from their respective income tax obligations.

## ARTICLE IX

## LEGAL INTERPRETATION AND JURISDICTION

This Agreement and all of the rights and obligations of the Parties hereunder shall be constituted in accordance with the laws of the State of New York as an Agreement made and to be performed within said State.  Each Party hereby consents to the jurisdiction of the Supreme Court of the State of New York, to consider and determine any matter relating to this Agreement.

## ARTICLE X

## NOTICES

6.1     Any notice given in connection with this Agreement shall be sufficient if given to the Parties by registered or certified mail, return receipt requested, addressed to such Party's last known residence address.

6.2     If either Party shall default in carrying out any obligations under this Agreement and the other ("innocent") Party retains counsel to enforce the terms of this Agreement, and the innocent Party prevails in enforcing the Agreement in whole or in part whether by court order or settlement entered into by the Parties, the defaulting Party shall be responsible for reasonable counsel fees and disbursements incurred by the innocent Party to obtain such enforcement.

## ARTICLE XI

## MISCELLANEOUS

11.1     This Agreement shall come into effect only if the contemplated marriage

between **SPAHN** and **ALDEN** is solemnized, and upon coming into effect shall bind, and inure to the benefit of the Parties and their respective heirs, executors, and administrators.

11.2    At either Party's request, the other Party shall execute and deliver whatever additional instruments may be required in order to carry out the intention of this Agreement, and shall execute and deliver any deeds or other documents in order that good title to any Property can be conveyed by such Party free from any claim from the other Party acquired by reason of their marriage.

11.3    Except as here and otherwise provided, each of the Parties shall have the absolute right to manage, dispose of, or otherwise deal with any Property now separately owned, or hereafter individually acquired, in any manner whatsoever.

11.4    The consideration for this Agreement is the marriage contemplated by the Parties, and the mutual promises contained herein.

11.5    This Agreement contains the entire understanding of the Parties and no representations or promises have been made except as expressly contained herein.

11.6    Each of the respective rights and obligations of the Parties hereunder shall be deemed independent and may be enforced independently irrespective of any of the other rights and obligations set forth herein.

11.7    In the event any provision of this Agreement should be held to be contrary to, or invalid under the law of any country, state or other jurisdiction, such illegality or invalidity shall not affect in any way any other provisions hereof, all of which shall continue in full force and effect.  Any provision which is held to be illegal or invalid in any country, state or other jurisdiction shall, nevertheless, remain in full force and effect in any other country, state or jurisdiction in which such provision is legal and valid.

11.8 Neither this Agreement nor any provision hereof shall be amended or modified or deemed amended or modified, except by an agreement in writing duly subscribed and acknowledged with the same formality as this Agreement.  Any waiver by either Party of any provision of this Agreement or any right or option hereunder shall not be deemed a continuing waiver and shall not prevent or stop such Party from thereafter enforcing such provision, right or option, and the failure of either Party to insist in any one or more instances upon the strict performance of any of the terms or provision of this Agreement by the other Party shall not be construed as a waiver or relinquishment for the future of any such term or provision, but the same shall continue in full force and effect.

**IN WITNESS WHEREOF**, the Parties have signed, sealed and acknowledged this instrument on the date and year first above written.

_____

**JENNIFER ALDEN**

_____

**KIRK SPAHN**

STATE OF                     )
                             )ss.:
COUNTY OF                    )

On the ___ day of _____, in the year 2015 before me, the undersigned, personally appeared JENNIFER ALDEN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____

Signature and Office of
Individual taking acknowledgment

STATE OF                     )
                             )ss.:
COUNTY OF                    )

On the ___ day of _____ in the year 2015 before me, the undersigned, personally appeared KIRK SPAHN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____

Signature and Office of
Individual taking acknowledgment

11

## SCHEDULE A

**SCHEDULE B**