UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

STEPHEN SPAHN,

                  Plaintiff,

     – against –

KIRK SPAHN,

                  Defendant.

**OPINION & ORDER**

24 Civ. 4035 (ER)

Ramos, D.J.:

     Stephen Spahn brings this action against Kirk Spahn for recovery on a promissory note. Doc. 1-1. Stephen seeks judgment against Kirk in the amount of $1,000,000 plus interest. *Id.* Kirk argues that the sum was not intended to be repaid, Doc. 14, and he further requests that the Court allow the parties to proceed to discovery, Doc. 15.

     Before the Court is Stephen's motion for summary judgment. Doc. 1-1. For the reasons set forth below, consideration of the motion is DEFERRED, and the parties are directed to proceed to discovery.

## I. BACKGROUND

### A. Factual Background[1]

Stephen Spahn is the Chancellor of a private preparatory school in New York City. Doc. 16 at ¶ 2. Kirk Spahn is Stephen's adult son. *Id.* at ¶¶ 2, 4. Stephen resides in New York, and Kirk resides in California. Doc. 1 at ¶¶ 4–5.

---

[1] Local Rule 56.1 provides, *inter alia*, that "any motion for summary judgment under Fed. R. Civ. P. 56 must be accompanied by a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Rule 56.1(a). Stephen has not provided the Court with a 56.1 statement. *Cf.* Doc. 14 at 11 n.1. Kirk argues that this deficiency warrants denial of the motion. *Id.* "[W]hen a party fails to comply with individual practices, courts *may* simply deny the motion without prejudice." *Breco Equities, LLC v. Whitehead*, No. 22 Civ. 8683 (NRB), 2023 WL 5180141, at *3 n.2 (S.D.N.Y. Aug. 11, 2023) (emphasis added). Nonetheless, if the Court denied the motion on this basis, "it would only result in plaintiff refiling its motion." *Id.* Accordingly, at this stage, the Court exercises its discretion to overlook Stephen's failure to supply a 56.1 statement.

Stephen gave Kirk $1,000,000 on September 28, 2017. *See* Doc. 1-1 at 6, 8. According to Stephen, the $1,000,000 payment constituted a loan intended to be repaid. Doc. 1-1 at 5. As support for his contention that the payment constituted a loan, Stephen proffers an August 2019 email discussing his estate and the future of his business with his sons. *See* Doc. 18-2. In the email, Stephen wrote, "Kirk, I gave you a million dollar loan to build your business." Doc. 18 at ¶ 10; Doc. 18-2 at 2.

A promissory note also dated September 28, 2017, states in relevant part that Kirk "promises to pay to the order of Stephen Spahn (the 'Payee') the sum of One Million Dollars ($1,000,000.00) on demand, with interest at the rate of five (5%) per annum compounded annually." Doc. 1-1 at 9. The promissory note is signed by Kirk. *Id.*

While Kirk acknowledges that he signed the promissory note and received the September 2017 payment, he denies that the $1,000,000 constituted a loan. *See* Doc. 16 at ¶ 12. Instead, Kirk claims that the payment was a gift which he received after agreeing not to enforce a licensing agreement with Stephen's school.[2] *See id.* at ¶¶ 6–8. The note, Kirk alleges, "followed a customary practice, on the advice of our family attorney, of preparing sham 'promissory notes' for the express purpose of avoiding applicable gift taxes." *Id.* at ¶ 4. According to Kirk, Stephen told him that the $1,000,000 payment "should be considered a gift that would not have to be repaid." *Id.* at ¶ 8. As support for the purported Spahn family "customary practice," Kirk provides an email discussing a separate transaction from September 2019, in which Stephen asks Kirk to "sign and return the attached Promissory Note to [their family attorney] to avoid possible tax consequences." *Id.* at ¶ 13; *see* Doc. 16-3.

---

[2] According to Kirk, he entered into a licensing agreement with his father's preparatory school in 2013. Doc. 16 at ¶ 6. The licensing agreement allowed Kirk to develop the brand of his father's school outside New York. *Id.* As consideration for this agreement, Kirk paid Stephen $1,000,000. *Id.* In September 2017, Kirk claims that Stephen expressed his wish to expand the school brand himself. *Id.* at ¶ 7. In response, Kirk told his father that he would not enforce the licensing agreement against him. *Id.* Kirk asserts that Stephen then returned the $1,000,000 that Kirk had paid in 2013 for the licensing agreement—in the form of the September 28, 2017 payment at issue here. *See id.* at ¶ 8.

Stephen denies that he has prepared sham promissory notes for his family, and rejects any connection between the school licensing agreement and the payment at issue here. *See* Doc. 18 at ¶¶ 7, 15. Stephen claims that a promissory note attached to the September 2019 email was prepared precisely because the transaction being discussed involved an investment rather than a gift. *See id.* at ¶ 9.

In April 2024, Stephen demanded payment of the full principal and interest due on the alleged loan, which he claims totaled $1,374,974.84. Doc. 1-1 at 6, 10. No payments have been made by Kirk. *Id.* at 6.

### B. Procedural History

Stephen initially filed this action on April 12, 2024, in New York Supreme Court, New York County. Doc. 1-1. Stephen filed a motion for summary judgment in lieu of a complaint pursuant to N.Y. C.P.L.R. 3213. *Id.* Stephen seeks recovery of the unpaid principal and interest, as well as costs of the proceeding. *Id.* On May 24, 2024, Kirk removed the case to this Court on the basis of diversity jurisdiction. Doc. 1.

Kirk filed a memorandum in opposition to the motion for summary judgment on July 12, 2024. Doc. 14. Kirk argues that the $1,000,000 payment represented a gift that was not intended to be repaid. *Id.* at 12–16. Kirk also requests that the Court allow the parties to proceed to discovery pursuant to Federal Rule of Civil Procedure 56(d). *Id.* at 16–18. In an affidavit, Kirk's counsel asserts that "Kirk cannot present facts essential to justify his opposition" at present. Doc. 15 at ¶ 9. "Specifically, Kirk see[k]s discovery in the following categories: (1) the deposition of attorney Michael Kalnick ('Kalnick') with respect to his dual representation of the parties generally and the underlying putative promissory note ('Note') in particular; (2) the deposition of Stephen with respect to his custom and practice of using promissory notes relative to intrafamilial gifts; (3) a document subpoena to Kalnick seeking documents related to the Note and related transactions; and (4) document requests to Stephen seeking documents related to the Note and related transactions." *Id.* at ¶ 10. According to Kirk, this discovery would tend to

3

establish, *inter alia*, that the payment at issue here was not intended to be repaid. *Id.* at ¶ 11.

## II.  STANDARD OF REVIEW

"N.Y. C.P.L.R. 3213 'allows actions based upon an instrument for the payment of money only to be commenced with a motion for summary judgment rather than a complaint [and] provides a speedy and effective means for resolving presumptively meritorious claims.'" *UBS AG, London Branch v. Greka Integrated, Inc.*, No. 21-1385-CV, 2022 WL 2297904, at *2 (2d Cir. June 27, 2022) (quoting *Banco Popular North America v. Victory Taxi Management, Inc.*, 806 N.E.2d 488, 490 (N.Y. 2004)).  Because C.P.L.R. 3213 is a procedural rule, "the regime of the Federal Rules replace[s] that of § 3213" upon removal to federal court.  *Id.* (quoting *Com/Tech Communication Technologies, Inc. v. Wireless Data Systems, Inc.*, 163 F.3d 149, 151 (2d Cir. 1998)).  "Thus, upon removal, the C.P.L.R. 3213 motion for summary judgment in lieu of complaint was converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure."  *Id.*  The Court therefore "applies the federal summary judgment standard."  *Breco Equities, LLC v. Whitehead*, No. 22 Civ. 8683 (NRB), 2023 WL 5180141, at *2 (S.D.N.Y. Aug. 11, 2023).

Under the federal rules, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free School District*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)).  A fact is material if it might affect the outcome of the litigation under the governing law.  *Id.* The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets its burden, "the nonmoving party must come

4

forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Saenger v. Montefiore Medical Center*, 706 F. Supp. 2d 494, 504 (S.D.N.Y. 2010) (internal quotation marks omitted) (quoting *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)).

In deciding a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)). However, in opposing a motion for summary judgment, the non-moving party may not rely on unsupported assertions, conjecture, or speculation. *Ridinger v. Dow Jones & Co.*, 651 F.3d 309, 317 (2d Cir. 2011). To defeat a motion for summary judgment, "the non-moving party must set forth significant, probative evidence on which a reasonable fact-finder could decide in its favor." *Senno*, 812 F. Supp. 2d at 467–68 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 256–57 (1986)).

As relevant to the instant motion, Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Ezrasons, Inc. v. Travelers Indemnity Co.*, 89 F.4th 388, 403 (2d Cir. 2023) (quoting Fed. R. Civ. P. 56(d)). "The affidavit or declaration must describe: (1) what facts are sought and how they are to be obtained, (2) how such facts are reasonably expected to raise a genuine issue of material fact, (3) what efforts the affiant has made to obtain them, and (4) why the affiant's efforts were unsuccessful." *Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp. 3d 232, 244–45 (S.D.N.Y. 2015) (citation omitted).

### III.  DISCUSSION

In an action on a promissory note, summary judgment is only appropriate upon a showing of no material questions regarding execution and default.  *See National Union Fire Insurance Co. of Pittsburgh, Pa. v. Southern Coal Corp.*, No. 17 Civ. 1329, 2017 WL 5714117, at *2 (S.D.N.Y. Nov. 27, 2017) (quoting *Royal Bank of Canada v. Mahrle*, 818 F. Supp. 60, 62 (S.D.N.Y. 1993)).  Kirk raises a potential question as to the note's execution:  if the note was not intended to be repaid, then an agreement for repayment may not have been executed.  Doc. 14 at 12–16; *see Greenleaf v. Lachman*, 216 A.D.2d 65, 66 (N.Y. App. Div. 1995) (declining to enforce a promissory note because the parties understood the payment to be a gift).  Kirk further asserts that discovery is necessary to bring out additional evidence in support of his arguments.  Doc. 14 at 16–18; *see also* Doc. 15.

Stephen does not directly address Kirk's Rule 56(d) request for discovery materials.  Instead, Stephen emphasizes the fundamental policy behind N.Y. C.P.L.R. 3213 of avoiding superfluous procedure when enforcing straightforward promissory notes.  Doc. 19 at 11 (citing *Weissman v. Sinorm Deli*, 669 N.E.2d 242, 245 (N.Y. 1996).  Upon removal to federal court, however, Stephen's motion was converted "to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure."  *UBS AG, London Branch*, 2022 WL 2297904, at *2.  In other words, the federal procedural rules—not N.Y. C.P.L.R. 3213—now govern.  *Id.*

Considering the record before the Court at this early stage, Kirk is entitled to obtain additional facts that may be "essential to justify [his] opposition[.]".  Fed. R. Civ. P. 56(d).  In an affidavit by his counsel, Kirk sufficiently describes the information that he seeks, *see* Doc. 15 at ¶ 10, and details how it may reasonably raise genuine issues of material fact, *id.* at ¶ 11.  Specifically, Kirk's counsel declares that they are seeking, *inter alia*, discovery related to Stephen's alleged practice of using sham promissory notes, and documents related to the note at issue here.  *Id.* at ¶ 10.  These materials could raise a

genuine issue of material fact with respect to the execution of the promissory note. *Cf. Greenleaf*, 216 A.D.2d at 66. Additionally, as Kirk emphasizes, no discovery has occurred to date, so he has not had the opportunity to pursue this material. *Id.* at ¶ 13. The Court thus exercises its discretion to defer ruling on the instant motion for summary judgment, and directs the parties to proceed to discovery.[3]

## IV.    CONCLUSION

For the reasons set forth above, Stephen's motion for summary judgment is DEFERRED. By no later than March 21, 2025, the parties are directed to file, on consent, a proposed discovery plan, with all discovery to be completed by September 19, 2025.

The Clerk of Court is respectfully directed to terminate the motions, Docs. 18, 19, 20.

It is SO ORDERED.

Dated:   March 14, 2025
         New York, New York

                                                  _____
                                                  EDGARDO RAMOS, U.S.D.J.

---

[3] This opinion is without prejudice to the ability of Stephen to object to the proposed discovery suggested by Kirk on any appropriate basis.