# Hinckley & Heisenberg LLP

445 Hamilton Ave., Suite 1102
White Plains, New York 10601

cheisenberg@hinckley.org                                      Direct Tel.: (212) 845-9094
October 24, 2025

**VIA ECF**

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:**   *Stephen Spahn v. Kirk Spahn*, No. 24-cv-04035 (ER) Request for Pre-Motion Conference — Rule 37 Sanctions

Dear Judge Ramos:

Plaintiff writes according to Rule 2.A of Your Honor's Rules of Practice, to request a pre-motion conference regarding sanctions under FRCP 37(d) for Defendant Kirk Spahn's willful failure to appear for his properly noticed deposition today. Plaintiff's counsel, Mr. Hinckley, traveled to Los Angeles and appeared at the court reporter's offices. Defendant did not appear. Defendant has filed no motion for protective order. Plaintiff will seek authorization to move for entry of default judgment pursuant to FRCP 37(d)(3) and 37(b)(2)(A)(vi), or alternatively, an order striking Defendant's answer and affirmative defenses pursuant to FRCP 37(d)(3) and 37(b)(2)(A)(iii) and directing resolution of the pending summary judgment motion on the existing record, together with an award of attorneys' fees and costs pursuant to FRCP 37(d)(3), including costs of the aborted deposition (court reporter, counsel travel to Los Angeles), fees for all discovery-related correspondence and motions, and fees for the sanctions motion.

The parties have met and conferred but were unable to agree to the motion. Given that a conference is already scheduled for Oct. 29, 2025 to address defense counsel's motion, we respectfully request that this matter also be addressed at that conference.

**Procedural History**

This case began in New York Supreme Court on April 12, 2024, as a motion for summary judgment in lieu of complaint under CPLR § 3213 on a straightforward $1 million promissory note. After removal on May 24, 2024, Defendant filed his opposition on July 12, 2024 [Docs. 15 &16], hoping to avoid his obligations by making extraordinary allegations that the note was actually a "gift" and that Defendant was engaging in a "customary practice" of creating "sham promissory notes" for the express purpose of committing tax fraud. Defendant requested discovery under Rule 56(d), representing that discovery would "raise a genuine issue of material fact."

**Defendant conducted six months of discovery but never noticed a single deposition.**

On March 14, 2025, Your Honor deferred ruling on the summary judgment motion to permit Defendant discovery to substantiate these serious allegations [Doc. 22]. The original discovery deadline was September 19, 2025 [Doc. 24].  When the September 19th deadline passed with Defendant having found no evidence, defense counsel appeared at the October 3, 2025 case management conference and requested—and Your Honor granted—an extension to October 31,

**Hinckley & Heisenberg LLP**
Page 2 of 3

2025 [10/3/25 Minute Entry]. Defense counsel offered October 24, 2025 in Los Angeles as the place and date for Defendant's deposition.

On Oct. 17, 2025 - seven days before his scheduled deposition - Defendant terminated his attorneys. On Oct. 21, 2025, defense counsel moved to withdraw and requested yet another 60-day extension of discovery [Doc. 38]. On Oct. 22, 2025, Your Honor scheduled a conference for Oct. 29, 2025 to address the withdrawal motion [Doc 40]. Under SDNY Local Rule 1.4, counsel "remain counsel until relieved by the Court" and have "all attendant obligations," including appearing at Mr. Spahn's properly noticed deposition. Despite Your Honor not relieving counsel prior to the deposition, Defendant failed to appear for his deposition despite proper notice.

### Plaintiff's Proposed Motion: Discovery Sanctions

Rule 37(d)(2) makes clear that a failure to appear "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order." Defendant has no such motion.

Federal Rule 37(d)(1)(A)(i) authorizes sanctions when "a party...fails, after being served with proper notice, to appear for that person's deposition." Unlike Rule 37(b), no prior court order is required—the failure to appear itself constitutes the violation.  Rule 37(d)(3) permits "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," which explicitly includes striking pleadings, staying proceedings, dismissing the action, or rendering default judgment.

The Second Circuit applies four factors before imposing terminating sanctions. First, the willfulness of the non-compliant party or the reason for noncompliance. Second, the efficacy of lesser sanctions. Third, the duration of the period of noncompliance. Fourth, whether the non-compliant party had been warned of the consequences. *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988); *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009).

While "dismissal with prejudice is a harsh remedy to be used only in extreme situations," it is warranted "when a court finds willfulness, bad faith, or any fault on the part of the party." *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990). Such sanctions "may be imposed...so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

Defendant's conduct demonstrates textbook willfulness. The timing alone reveals his intent: Defendant fired his attorneys seven days before his deposition scheduled for Oct. 24, a date that defense counsel had offered for the deposition.  In *Charles G. Bateman III v. The Permanent Mission of Chad*, 2021 WL 964272 (S.D.N.Y. Mar. 15, 2021), this Court found willfulness where a defendant "failed and refused to ever produce a single witness for a deposition in the action, notwithstanding multiple [Court] Orders." Here, Defendant's willfulness is equally egregious—he affirmatively terminated counsel to avoid appearing.

Lesser sanctions would be meaningless. After six months of discovery, Defendant found no evidence to support his allegations of "sham promissory notes" or family "custom and practice" of tax fraud. Paper discovery is complete. The only remaining discovery was depositions, and Defendant refused to appear.

**Hinckley & Heisenberg LLP**
Page 3 of 3

At the Oct. 3 conference Your Honor already extended the discovery deadline from Sept. 19 to Oct. 31—an extension defense counsel requested. Defendant was given multiple opportunities. *Eight* lawyers have appeared for Defendant in this case. If he wanted different representation, he had ample time and resources to arrange it. The timing of the termination—seven days before his deposition—reveals its tactical purpose.

As the Second Circuit held in *John B. Hull*, where a party "failed to provide any meaningful discovery concerning a core trial issue despite three clear court orders, which included two warnings that dismissal would follow," terminating sanctions are justified. 845 F.2d at 1176.

This case was filed in April 2024. It is now Oct. 2025—18 months of litigation on what should have been a straightforward promissory note case suitable for summary judgment in lieu of complaint under CPLR 3213. Defendant has been on clear notice of the consequences. On Oct. 20, Plaintiff's counsel sent a letter explicitly warning that if Defendant failed to appear, Plaintiff would move for sanctions under FRCP 37, move for adverse inference and default judgment based on defendant's willful failure to comply with discovery obligations, and seek attorneys' fees and costs.

**Plaintiff's Proposed Motion:  Barring Defendant From Presenting Further Evidence on Motion**

The Court's Oct. 3rd Order set a firm Oct.31, 2025 deadline with no indication of further extensions. After six months of discovery, Defendant has produced no evidence of any "custom and practice" of "sham notes." He found nothing because nothing exists. Defendant's meager document production contains no evidence supporting his extraordinary claims. Rather than appear under oath and admit his allegations of family tax fraud are baseless, he strategically terminated counsel and refused to appear.

If the Court resolves the pending summary judgment motion on the current record, Plaintiff respectfully submits that judgment must be entered for Plaintiff. Defendant has had every opportunity to develop evidence and has failed. The record is complete. Defendant made serious allegations of tax fraud, obtained six months of discovery based on representations to the Court, found no evidence whatsoever, and then strategically refused to appear when required to testify under oath. This is precisely the type of willful discovery abuse that Rule 37 was designed to address.

Respectfully submitted,

/s/
Christoph Heisenberg

cc: All Counsel (via ECF)